# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 08-20290

v.                                      Judith E. Levy
                                           United States District Judge

Douglas Tobar,

                Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTIONS FOR REDUCTION IN SENTENCE AND COMPASSIONATE RELEASE [76, 81]

On or about March 3, 2021, Defendant Douglas Tobar filed an emergency motion for a reduction in sentence, and on or about April 9, 2021, Defendant filed a similar motion for compassionate release (together, "2021 Motions").[1] (ECF Nos. 76, 81.) In both the 2021 Motions, Defendant asserts that "the global COVID-19 pandemic, combined with [his] serious underlying health conditions" justify compassionate release. (*Id.*, PageID.424.) Defendant explains that his health issues include gout,

---

[1] The Court apologizes to Defendant for the delay in resolving his motions.

high blood pressure, enlarged prostate, hypothyroidism, and lower back pain. (*Id.,* PageID.433.) The Government responded to Defendant's March 2021 motion (ECF No. 76) on April 19, 2021. (ECF No. 78.)

On or about November 13, 2024, Defendant filed a separate motion for sentence reduction ("2024 Motion"). (ECF No. 83.)

## I. Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a motion for modification of a sentence or compassionate release may be filed by the Director of the Bureau of Prisons (BOP) or by "an imprisoned person . . . after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *See United States v. Jones*, 980 F.3d 1098, 1104–05 (6th Cir. 2020) (citations omitted). In resolving compassionate-release motions, courts in the Sixth Circuit apply a "three-step inquiry." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). Second, the Court must "ensure 'that such a reduction is consistent with applicable

policy statements issued by the Sentencing Commission.'" *Id.* (quoting *Jones*, 980 F.3d at 1101). Third, the Court must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

## II. Analysis

Defendant argues that the medical risk of serious complications from COVID-19 is an extraordinary and compelling reason that warrants a sentence reduction under § 3582(c)(1)(A)(i). (*Id.*, PageID.433.)

Sixth Circuit precedent forecloses Defendant's argument that the presence of COVID-19 itself is an "extraordinary and compelling reason" for release because Defendant has access to the COVID-19 vaccines. The Sixth Circuit has endorsed the Seventh Circuit's holding that "for people living in close quarters, vaccines offer relief far more effective than a judicial order." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)).

The COVID-19 vaccine is available to all inmates in the Federal Bureau of Prisons. *See* COVID-19 Coronavirus, Federal Bureau of

3

Prisons, https://perma.cc/U3FJ-WV46 (December 5, 2022). The Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (quoting *Lemons*, 15 F.4th at 751).[2] Although Defendant has identified certain health risks that the CDC has identified as potentially putting him at greater risk of severe illness from COVID-19 (*i.e.*, high blood pressure), Defendant has access to the most significant prevention

---

[2] The Sixth Circuit has "cast doubt on a defendant's ability to meet Section 3852's [sic] 'extraordinary and compelling reasons' requirement following their inoculation against COVID-19." *United States v. Sweet*, No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. Nov. 18, 2021) (quoting *Lemons*, 15 F.4th at 749). The Sixth Circuit observed that "following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced." *Id.* (quoting *Lemons*, 15 F.4th at 751). Courts in this Circuit have also refused to find extraordinary and compelling medical circumstances when a defendant declines the COVID-19 vaccine. See *United States v. Austin*, No. 15-20609, 2021 WL 1137987, at *2 (E.D. Mich. Mar. 25, 2021) (denying compassionate release in light of the COVID-19 pandemic to a prisoner who declined to be vaccinated, without justification, because of hesitance "to provide prisoners an incentive to increase their risk of contracting COVID-19 and developing severe symptoms."), *aff'd*, 2021 WL 4771125 (6th Cir. Aug. 9, 2021); *United States v. Manderfield*, No. 16-20817, 2021 WL 2476577, at *1 (E.D. Mich. June 17, 2021); *United States v. Goston*, No. 15-20694, 2021 WL 872215, at *2 (E.D. Mich. Mar. 9, 2021); *United States v. Macgregor*, No. 15-20093, 2021 WL 1378786, at *1 (E.D. Mich. Mar. 12, 2021); *United States v. Ervin*, No. 14-000195 (M.D. Tenn. Mar. 5, 2021).

tool identified by the CDC: a COVID-19 vaccination. *See* CDC, COVID-19 Underlying Medical Conditions, https://perma.cc/DU4N-QLEK (April 12, 2023); *and see* CDC: Benefits of Getting Vaccinated, https://perma.cc/5G5A-9YJJ ("How to be best protected: As with vaccines for other diseases, people are best protected when they stay up to date with the recommended number of doses, including bivalent boosters, when eligible.").

Therefore, the danger currently posed to Defendant by COVID-19 is not an extraordinary and compelling circumstance that warrants a reduction in sentence. Because the Court does not find that there are extraordinary and compelling circumstances, the Court need not address the remaining compassionate-release factors at this time. *See United States v. Owens*, 996 F.3d 755, 759 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." (quoting *Elias*, 984 F.3d at 519; citing *Jones*, 980 F.3d at 1108; *Ruffin*, 978 F.3d at 1006)); *United States v. Smith*, No. 23-5519, 2024 WL 1007115, at *6 (6th Cir. Mar. 8, 2024) ("Because [the defendant] failed to show an extraordinary and compelling reason warranting a reduction,

5

the district court and this court need not consider the application of the § 3553(a) factors." (citing *Elias*, 984 F.3d at 519)).

In sum, the requirements for compassionate release under § 3582(c)(1)(A)(i) are not met. Defendant does not show that he is entitled to the relief he seeks. Accordingly, the Court DENIES Defendant's 2021 Motions (ECF Nos. 76, 81) without prejudice.[3]

The Court notes that there is an outstanding 2024 Motion. (ECF No. 83.) The Court ORDERS the Government to respond within 30 days.

IT IS SO ORDERED.

Dated: January 8, 2025      s/Judith E. Levy
   Ann Arbor, Michigan     JUDITH E. LEVY
                                    United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 8, 2025.

                                    s/William Barkholz
                                    WILLIAM BARKHOLZ
                                    Case Manager

---

[3] The Court need not reach the issue of whether Defendant appropriately exhausted administrative remedies because Defendant's 2021 Motions fail for the reasons set forth above.